### IN THE UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF ILLINOIS
### SPRINGFIELD DIVISION

| | | |
|---|---|---|
| **WESCO INSURANCE COMPANY,** a Delaware Corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 3:18-cv-3022 |
| **GEORGE W. TINKHAM, MARK S. MILLER,** and **STEVEN CLARK DAVISION, Administrator** of **THE ESTATE OF JONATHAN ALLEN MILLER,** | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

This cause is before the Court on Wesco Insurance

Company's Motion for Default Judgment (d/e 17).  The Motion is

GRANTED.

### I. BACKGROUND

In February 2018, Plaintiff filed a Complaint for Declaratory

Judgment against George W. Tinkham, Mark S. Miller, and Steven

Clark Davison, administrator of the Estate of Jonathan Allen

Miller.  Plaintiff seeks a declaratory judgment that Plaintiff has no

duty to defend Tinkham against the state court lawsuit filed against Tinkham by Defendants Mark Miller and Davison. Mark Miller and Davison are named as defendants solely to bind them to the judgment. Compl. ¶¶ 3, 4.

Mark Miller and Davison returned their Waiver of Summons forms on March 14, 2018. Their responsive pleadings were due by May 11, 2018. To date, Mark Miller and Davison have failed to plead or otherwise defend this action.

On May 17, 2018, Magistrate Judge Eric I. Long entered an Order of Default against Miller and Davison and directed Plaintiff to file a motion for default judgment within 14 days or risk dismissal for failure to prosecute. Plaintiff represents that Plaintiff notified Mark Miller and Davison that the Court may rule on the motion for default judgment without further notice after the motion has been on file for seven days. Plaintiff has also submitted the Declaration of David S. Allen, one of Plaintiff's attorneys. Allen states that he conducted an investigation of Mark Miller and Davison showing that Miller is 64 years old and Davison is 68 years old. Based on his investigation, Allen verifies on information

and belief that Miller and Davison are not in the military service, are not minors, and are not otherwise incompetent.

## II. ANALYSIS

Relying on this Court's decision in <u>Cincinnati Ins. Co. v. Heitbrink</u>, No. 3:15-CV-03352, 2017 WL 349312 (C.D. Ill. Jan. 24, 2017), Plaintiff asks this Court to enter and continue the Motion for Default Judgment until the dispute between Plaintiff and Tinkham is resolved. The <u>Heitbrink</u> case, however, is distinguishable.

In <u>Cincinnati Ins.</u>, Robert Heitbrink requested insurance coverage from the plaintiff with respect to a lawsuit filed against him by Connie McElhaney, individually and as special administrator of the Estate of William McElhaney. <u>Id.</u> at *1. The plaintiff filed a declaratory judgment naming Heitbrink and McElhaney as defendants. McElhaney answered the complaint. Heitbrink failed to respond. The plaintiff thereafter sought a default judgment against Heitbrink declaring that the plaintiff had no duty to defend or indemnify Heitbrink with respect to the McElhaney lawsuit. <u>Id.</u> at *2. This Court denied the motion with leave to refile, noting that, because an actual controversy existed

between the plaintiff and McElhaney, granting the default judgment would run the risk of inconsistent or contradictory judgments.  Id. (noting that if McElhaney is successful, the Court will have both found a duty to defend and indemnify and no duty to defend and indemnify).

In contrast here, the insured, Tinkham, is defending this case.  Plaintiff seeks a default judgment against Mark Miller and Davison, individuals against whom Plaintiff seeks no substantive relief and only seeks to bind to the ultimate judgment by this Court.  The risk of inconsistent judgments is not present in this case.  Therefore, the Motion for Default Judgment (d/e 17) is GRANTED.

**ENTERED: June 25, 2018**

**FOR THE COURT:**

_s/Sue E. Myerscough_
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**