IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| WESCO INSURANCE COMPANY, a Delaware Corporation, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:18-cv-3022 ) ) |
| GEORGE W. TINKHAM, MARK S. MILLER, and STEVEN CLARK DAVISON, Administrator of THE ESTATE OF JONATHAN ALLEN MILLER, | ) ) ) ) ) ) |
| Defendants. | ) ) |

# OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

This cause is before the Court on the Motion to Dismiss for Lack of Subject Matter Jurisdiction (d/e 16) filed by Defendant George W. Tinkham. Because the Court's subject matter jurisdiction is secure, the Motion to Dismiss is DENIED.

## I. BACKGROUND

In October 2017, Mark S. Miller and Steven Clark Davison, as administrator of the Estate of Jonathan Allen Miller, filed a complaint against George W. Tinkham in the Circuit Court of the

Seventh Judicial Circuit, Sangamon County, Illinois, Case No. 2017-L-233 (the Underlying Lawsuit).[1]  In February 2018, Plaintiff Wesco Insurance Company filed in this Court a Complaint for Declaratory Judgment against Tinkham, Mark Miller, and Davison, administrator of the Estate of Jonathan Allen Miller.  Mark Miller and Davison are named as defendants solely to bind them to the judgment.  Compl. ¶¶ 3, 4.

Plaintiff's Complaint for Declaratory Judgment alleges that Plaintiff issued a Lawyers Professional Liability Policy to Tinkham, which was in effect from July 25, 2017 through July 25, 2018, with an endorsed Retroactive Date of July 25, 2008.  Tinkham qualifies as an "insured" on the Policy.  Compl. ¶ 14.

Plaintiff seeks a declaratory judgment that Plaintiff owes no duty to defend or indemnify Tinkham from the Underlying Lawsuit. The Complaint alleges that the beneficiary exclusion bars coverage, no damages as defined in the Policy are sought in the underlying complaint, and there is no coverage because the insuring

---

[1] The Underlying Lawsuit was filed as a "Law" case, which is a case involving over $50,000.  See Sangamon County Circuit Clerk Civil Filing Fees, http://www.sangamoncountycircuitclerk.org/PDFDOC/Filing%20Fees/Filing Fees.pdf (last visited June 25, 2018).

agreement provision was not satisfied. The Complaint specifically alleges that the underlying complaint does not seek the recovery of compensatory monetary damages. Compl. ¶ 13.

The complaint in the Underlying Lawsuit contains claims for breach of fiduciary duty, punitive damages, constructive trust, and unjust enrichment. Specifically, the underlying complaint alleges that Tinkham, an attorney, performed legal services for the Millers and managed their farm property. Mark Miller suffers from numerous functional deficiencies, although he has average to above average intelligence. Jonathan had intellectual and behavioral problems.

In August 2008, Tinkham created two trusts, naming himself as trustee and giving himself a remainder interest in the trusts. Jonathan Miller deeded his portion of the farm property to Tinkham as trustee (the First Trust) and Mark Miller deeded his portion of the farm property to Tinkham as trustee (the Second Trust). Tinkham did not advise the Millers to obtain independent legal counsel before executing the trust agreements, and they did not know they were conveying to Tinkham their respective

interests in the property upon their deaths.  The Millers did not intend to confer a remainder interest upon Tinkham.

Jonathan Miller died in October 2013.  Mark Miller continued to receive a portion of the farm income through distributions in 2013 and 2014.  In December 2014, Mark Miller asked Tinkham why his distribution had not doubled after Jonathan passed away, as Mark was the only heir of Jonathan.  Tinkham advised Mark that Tinkham was now the owner of Jonathan's one-half interest in the farm property.  The underlying complaint further alleges that Tinkham managed all affairs for the farm property from no later than August 15, 2008 but did not provide an accounting to and did not discuss the operations with the Millers.

The breach of fiduciary duty counts in the Underlying Lawsuit seek an accounting; complete records to trace disbursement and distribution of funds; a constructive trust on the farm property and all property of Tinkham arising from the unaccounted payments from the farm property; attorney's fees and costs to restore legal title to the property to Mark Miller; the appointment of a replacement trustee; and judgment in the amount of all unaccounted funds.  The punitive damages counts

seek not less than $500,000. The constructive trust counts seek the imposition of a constructive trust upon the farm property and on all property of Tinkham arising from unaccounted payments from the farm property. The unjust enrichment counts seek a declaration that Tinkham was unjustly enriched by creating the First Trust and that Miller and Davison are entitled to the full interest in the property conveyed by the First Trust.

On May 21, 2018, Tinkham filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction (d/e 16) pursuant to Federal Rule of Civil Procedure 12(b)(1). Tinkham argues that (1) the $500,000 in punitive damages does not count toward the jurisdictional amount; (2) Plaintiff failed to provide proof of the actual value in the remainder interest in the land; and (3) Plaintiff's basis for jurisdiction is in direct contradiction to Plaintiff's assertion that the underlying complaint does not seek any relief that constitutes "damages" as that term is defined in the Policy.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a defendant may move for dismissal of a claim for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). When considering a

Rule 12(b)(1) motion, the Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the plaintiff. Alicea-Hernandez v. Catholic Bishop of Chi., 320 F.3d 698, 701 (7th Cir. 2003). "The court may look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." Id.

When the defendant challenges the plaintiff's allegations regarding the amount in controversy, the plaintiff must support the allegations with competent proof. Meridian Sec. Ins. Co. v. Sadowski, 441 F.3d 536, 543 (7th Cir. 2006). The plaintiff must prove the jurisdictional facts by a preponderance of the evidence. Id. Dismissal is appropriate only if it is legally certain that the recovery will be less than $75,000. Meridian, 441 F.3d at 543.

### III. ANALYSIS

Plaintiff alleges that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a).[2] Diversity jurisdiction exists

---

[2] Plaintiff cites 28 U.S.C. s 1331(a) but clearly meant § 1332(a). See Compl. ¶ 5 (alleging diversity of citizenship and amount in controversy in excess of $75,000, exclusive of interest and costs).

when the amount in controversy exceeds $75,000 exclusive of interest and costs and the suit is between citizens of different states.  See 28 U.S.C. § 1332(a)(1).

Complete diversity exists between the parties.  Plaintiff is an insurance corporation organized and existing under the laws of the State of Delaware with its principle place of business in the State of New York.  All of the defendants are residents of Illinois.

The parties dispute whether the amount in controversy exceeds $75,000.  In a declaratory judgment action, "the amount in controversy is measured by the value of the object of the litigation." Hunt v. Wash. State Apple Ad. Comm'n, 432 U.S. 333, 347 (1977).  The object of the litigation is the pecuniary result that would flow to the plaintiff or the defendant from the court granting the declaratory judgment.  America's MoneyLine, Inc. v. Coleman, 360 F.3d 762, 786 (7th Cir. 2004).  In this case, the value of the Underlying Lawsuit and the cost of defending the Underlying Lawsuit count toward the jurisdictional amount.  See Meridian, 441 F.3d at 539-40; Midland Mgmt. Co. v. Am. Alt. Ins. Corp., 132 F. Supp.3d 1014, 1020 (N.D. Ill. 2015).

The Underlying Lawsuit seeks, among other things, a constructive trust on the farm property. Plaintiff has presented evidence that the fair market value of the farm property is $72,402. Def. Opp., Ex. A (Sangamon County Assessor Records for Property Index No. 29-29.0-200.003 9); see, e.g., Rexford Rand Corp. v. Ancel, 58 F.3d 1215, 1218 (7th Cir. 1995) (finding the amount in controversy in the plaintiff's equitable action seeking the return of the plaintiff's corporate name, the amount in controversy was the value of the corporate name). This amount is $2,599 shy of meeting the jurisdictional amount.

Plaintiff also notes that the Underlying Lawsuit seeks an accounting for all transactions involving the farm for 10 years, 2008 to the present. The Underlying Lawsuit also seeks a constructive trust on all property of Tinkham arising from the unaccounted payments from the farm and seeks judgment against Tinkham in an amount for all unaccounted funds for Tinkham's handling of the financial matters for the farm.

Plaintiff provides evidence of average cash rents for Sangamon County from 2008 to 2016 as a means of calculating the value of the rents at stake in the Underlying Lawsuit. Plaintiff

calculates that, over ten years, that the value of the rents at stake in the lawsuit could be anywhere from $56,000 to $92,750. Pl. Resp. at 7 (d/e 18) (multiplying 25 acres times the rent per acre over a ten year period), citing Gary Schnitkey, "2016 County Cash Rents," Department of Agricultural and Consumer Economics, University of Illinois at Urbana-Champaign, September 13, 2016, [http://farmdocdaily.illinois.edu/2016/09/2016-county-cash-rents.html](http://farmdocdaily.illinois.edu/2016/09/2016-county-cash-rents.html) (last visited June 25, 2018).

The Court finds that Plaintiff has proved the jurisdictional allegations by a preponderance of the evidence. Plaintiff has presented evidence that unaccounted funds could total much more than $2,599, which, when added to the value of the property, results in an amount in controversy in excess of $75,000. This calculation does not even consider the cost that Plaintiff would incur to provide a defense. See Cincinnati Ins. Co. v. Heitbrink, No. 03:15-CV-03352, 2017 WL 349312, at *2 (C.D. Ill. Jan. 24, 2017) (finding, in a case where the defendant did not challenge the plaintiff's jurisdictional allegations, that defense costs could easily exceed $25,000). Because the Court has found that the jurisdictional requirements are met, the Court need not address

Tinkham's argument regarding whether the Court can consider punitive damages when determining the amount in controversy.

Tinkham's last argument is that Plaintiff cannot deny the existence of any damages for which Plaintiff might be responsible under the Policy and simultaneously manipulate the value of the remainder interest in the land to create federal jurisdiction. Tinkham cites no case law in support of his argument.

The Court finds no basis for finding that an insurance company cannot assert diversity jurisdiction despite denying the existence of damages as defined in the insurance policy. Plaintiff can deny that the "damages" sought in the Underlying Lawsuit are covered by the Policy but still point to the property and funds sought to support the amount in controversy for federal jurisdiction. See, e.g., Meridian, 441 F.3d at 538 (finding the amount in controversy satisfied in case even though the Seventh Circuit had previously held that suits identical to the underlying lawsuit at issue did not require a defense or indemnity under policies materially identical to the plaintiff's policy).

## IV. CONCLUSION

For the reasons stated, Defendant George W. Tinkham's Motion to Dismiss (d/e 16) is DENIED.  Tinkham shall file an answer to the Complaint for Declaratory Judgment on or before July 9, 2018.

**ENTERED: June 25, 2018**

**FOR THE COURT:**

*s/Sue E. Myerscough*
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**